## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                    No. CR 08-2936 JB

BRIAN DISHER,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Revocation or Amendment of Detention Order, filed March 30, 2009 (Doc. 116). The Court held a hearing on April 20, 2009. The primary issue is whether the Court should revoke or amend the Magistrate Judge's detention order. Because the Court is concerned about Defendant Brian Disher's prior failures to appear, and because the Court believes that the evidence is strong that Disher is a threat to the community, the Court will deny Disher's request that the Court modify the detention order.

### FACTUAL BACKGROUND

In his motion, Disher states that he is a Navy and Gulf War veteran, an avid hunter, and a collector of firearms and "related materials." Disher also has an extensive prior criminal record.

Research of local records and the National Crime Information Center database reveals that, while Disher has no felony convictions, on June 7, 1986, he was charged in Albuquerque with: (i) Disorderly Conduct; and (ii) Failure to Obey. See No. CR 966686, Bernalillo County Metropolitan Court. There is no disposition listed for these charges. On July 2, 1986, Disher was charged in Albuquerque with: (i) DWI; (ii) Careless Driving; (iii) Minor in Possession Of Alcohol; (iv) No Drivers License; and (v) Open Container. See No. CR 1099886, Bernalillo County Metropolitan

Court (July 2, 1986).  Disher was found guilty on all counts, and he received a suspended Jail Sentence and DWI School.

On August 14, 1986, Disher was charged in Albuquerque with: (i) DWI (2nd offense); (ii) Driving on Suspended License; (iii) Careless Driving; (iv) Failure to Yield; and (v) Minor in Possession Of Alcohol.  See No. CR 91545886, Bernalillo County Metropolitan Court (October 29, 1986).  The charges were dismissed.  On September 18, 2003, Disher was charged in Albuquerque with Battery Against a Household Member.  See No. DV 450303, Bernalillo County Metropolitan Court (July 8, 2004).  This charge was Dismissed.

On June 6, 2006, Disher was charged in Albuquerque with: (i) No Insurance; and (ii) FTA Court (June 16, 2006).  See No. TR3196006, Bernalillo County Metropolitan Court (June 20, 2006). Disher was found guilty on both counts, fined, and assessed a warrant admin. fee.  On June 26, 2006, Disher was charged in Albuquerque with: (i) Violation of Protective Order; and (ii) FTA Court (July 24, 2006).  See No. DV273506, Bernalillo County Metropolitan Court (July 27, 2006).  Disher was found guilty on Count 2, but Count 1 was dismissed on January 9, 2007.

On September 15, 2006, Disher was charged in Albuquerque with: (i) Proof of Financial Responsibility; (ii) Sun Screen Material on Windshield; and (iii) FTA Court (September 26, 2006). See No. TR5041806, Bernalillo County Metropolitan Court (December 18, 2006).  Disher was found guilty on Counts I and III, and fined.

On October 29, 2007, Disher was charged with: (i) Controlled Substance Offense; and (ii) Tampering with Evidence.  See No. CR 2341007 Bernalillo County Metropolitan Court (October 30, 2007).   These charges were dismissed.  On October 29, 2007, Disher was charged in Albuquerque with: (i) Driving Unsafe Vehicle; (ii) Registration Violation; and (iii) FTA Court (November 8, 2007). See No. TR56239007,  Bernalillo County Metropolitan Court (November 27,

2007).  These charges were dismissed.  He was convicted of DWI and related traffic offenses in 1986.  He failed to have proof of automobile insurance.

Disher also has three convictions for failure to appear.  The underlying charges were all minor.  Disher asserts that he quickly resolved those charges.

The United States alleges that Disher is part of a large-scale drug trafficking organization that operated in the Albuquerque, New Mexico area.  The United States represents that, in addition to confidential-source information, its case is based on hundreds of hours of court-authorized electronic eavesdropping.  The United States represents that Disher was intercepted on many occasions conducting drug transactions.  The United States states that physical surveillance also supports Disher's role within the conspiracy.

On December 18, 2008, agents from the Federal Bureau of Investigation executed a search warrant at Disher's house located at 616 Niagara in Albuquerque.  The United States seized a number of firearms and related materials from Disher's residence.  Pursuant to the execution of that search warrant, agents recovered: (i) twelve firearms, one of which was stolen; (ii) approximately eighty grams of psychidelic mushrooms; and (iii) over $25,000.00 in United States currency.  The weapons were found in several rooms in the house.  Disher represents that he had no knowledge that one of the firearms was stolen.

## PROCEDURAL BACKGROUND

On December 18, 2008, a federal grand jury returned an indictment charging Disher, along with eight co-Defendants, with, among other things, one count of 21 U.S.C. § 846: Conspiracy to Distribute Five Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine.  See Doc. 2.  This charge carries a statutory sentencing range of ten years to life imprisonment.  On December 19, 2008, the Honorable Alan C. Torgerson, United States

Magistrate Judge, issued an order detaining Disher.  See Doc. 40.

On March 11, 2009, Disher filed his Motion for Modification of Conditions of Release, seeking to have the Court modify conditions of release and seeking release to an unnamed third-party custodian or halfway house.  See Doc. 101.  On March 12, 2009, the United States filed a response opposing Disher's motion.  See Doc. 107.  On March 16, 2009, the Honorable Robert Hayes Scott, United States Magistrate Judge, held a hearing, heard Disher's motion, issued an order, and denied Disher's motion.  See Doc. 110.

On March 30, 2009, Disher filed this motion to revoke or amend the detention order.  Disher moves the Court, pursuant to 18 U.S.C. § 3145(b), for the Court to revoke or to amend the Magistrate Judge's detention order, and to set conditions of release.  In his motion, Disher again seeks release to the La Pasada Halfway House.

On March 31, 2009, the United States filed its Response to Defendant's Appeal of Order Denying Bail Review.  See Doc. 118.  The United States requests that the Court deny Disher's motion for revocation or amendment of the detention order that the Magistrate Judges issued. Specifically, Assistant United States Attorney Joel Meyers opposes Disher's request that the Court release him to the La Pasada Halfway House.

## LAW REGARDING PRE-TRIAL DETENTION

"Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"  United States v. Begay, 2009 WL 389715, at * 1 (10th Cir. 2009)(quoting 18 U.S.C. § 3142(e)).  Congress has set forth a number of factors that a court must consider in deciding whether appropriate conditions can be fashioned so that a criminal defendant can be released pending criminal proceedings.

-4-

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

"The government must prove risk of flight by a preponderance of the evidence . . ., and it must prove dangerousness to any other person or to the community by clear and convincing evidence. . . ." United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003).  At the same time, "§ 3142(e) also establishes two rebuttable presumptions favoring detention: one applicable to certain previous violators and one applicable to certain drug-and-firearm offenders."  United States v. Villapudua-Quitero, 308 Fed.Appx.272, 272 (2009).  18 U.S.C. § 3142(f) instructs that, in certain

cases, a court "shall hold a hearing to determine whether any conditions or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f). For example, the attorney for the United States may move for a hearing under 18 U.S.C. § 3142(f) "in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 et seq.) . . . ."  18 U.S.C. § 3142(f)(1)(c).  Moreover, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if a court finds that "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."  18 U.S.C. § 3142(e)(3)(A).

"Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced."  United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  Moreover, "[e]ven if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain."  Id. at 1355.  The presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade."  United States v. Moreno, 1994 WL 390091, at * 2 (1st Cir. 1994)(unpublished).

## ANALYSIS

The district court conducts a de novo review of the Magistrate Judge's pretrial detention order and must make its own determination if pretrial detention is proper or set conditions of release.

See United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003).   After conducting a de novo review of the Magistrate Judge's pretrial detention order, the Court concludes that, while Disher has produced some evidence that cuts in his favor, the United States has ultimately met its burden of demonstrating that Disher is a danger to the community and a flight risk.  The Court will therefore not modify or set aside the detention order.

I.    **DISHER IS SUBJECT TO A STATUTORILY REBUTTABLE PRESUMPTION THAT NO CONDITION OR COMBINATION OF CONDITIONS WILL REASONABLY ASSURE THE SAFETY OF THE COMMUNITY OR HIS APPEARANCE.**

Because of the drug charges against him, Disher is subject to a statutorily rebuttable presumption that, upon a finding of probable cause, no condition or combination of conditions exist that will reasonably assure the safety of the community or his appearance.  See 18 U.S.C. § 3142(e)(3)(A).  Specifically, Disher has been charged under  21 U.S.C. § 846 for Conspiracy to Distribute Five Hundred Grams or  More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine.  Such a charge, which comes under the Controlled Substances Act, carries a minimum sentence of ten years and a maximum of life imprisonment.  The presumption applies when "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."  18 U.S.C. § 3142(e)(3)(A).

The Court finds that there is probable cause to believe that Disher committed the charged offense.  The grand jury returned an indictment.  The United States has represented that Disher appears on many incriminating wire-tapped telephone conversations.  Given the circumstances, the Court believes the presumption applies.

Because the presumption applies, Disher must produce some evidence to show that he is not

a flight risk or danger to the community. "The defendant's burden of production is not heavy, but some evidence must be produced." <u>United States v. Stricklin</u>, 932 F.2d at 1354-55. Disher has produced some evidence and has therefore met his burden of production. Nevertheless, the Court believes that the presumption continues to weigh in as "a factor for consideration by the district court in determining whether to release or detain." <u>Id.</u> at 1355. Weighing that and the other factors present in this case, the Court is convinced that, despite Disher's production of some evidence in his favor, the United Stats has carried its burden of showing that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

## II.    VARIOUS FACTORS FROM 18 U.S.C. § 3142 COUNSEL AGAINST RELEASING <u>DISHER.</u>

Congress has instructed courts to consider certain factors in determining the propriety of pre-trial detention. Those factors include the nature and circumstances of the offense, the weight of the evidence against the charged individual, the charged individual's characteristics and history, and the seriousness of the threat that the individual poses to the community. <u>See</u> 18 U.S.C. § 3142(g). A careful consideration of those factors leads the Court to conclude that Disher should not be released at this time.

### A.    NATURE AND CIRCUMSTANCES OF THE OFFENSE.

Disher has been charged with conspiracy to possess with intent to distribute 500 grams and more of methamphetamine – a controlled substance. The United States has invoked the rebuttable presumption. The rebuttable presumption in drug-trafficking cases is statutory, and arises out of Congress' concern that individuals involved in drug trafficking often have foreign contacts and the ability to leave the country, and incentives to remain active in the drug trade. <u>See</u> <u>United States v.</u>

-8-

Moreno, 1994 WL 390091, at * 2.

Congress has further expressed a particular concern about drug trafficking crimes in 18 U.S.C. § 3142(g) by listing as a factor for consideration whether the charged crime involves controlled substances. See id. § 3142(g)(1). Congress has also expressed concern about crimes involving firearms. While the United States has not yet charged Disher with a firearms-related crime, it is considering doing so. The Court is concerned that there were a great deal of firearms, including one that was stolen, at Disher's residence. All things considered, given that this is a drug crime, and that there are many firearms involved, Court believes that the nature of the charged offense counsels in favor of detention.

**B.      WEIGHT OF THE EVIDENCE.**

By virtue of the indictment, probable cause has been established. Furthermore, the United States has Disher's voice appearing on numerous intercepted telephone conversations. Disher is part of a larger drug conspiracy, and the Court has observed that the United States has a substantial amount of evidence against Disher and against his co-conspirators. While the Court does not see this factor as tipping overwhelmingly in one direction or the other, it weighs slightly in favor of detention. This factor at least does not weigh against detention.

**C.      DISHER'S HISTORY AND CHARACTERISTICS.**

The Court is concerned about Disher's history. At the hearing, it was clarified that he has three prior failures to appear. These failures to appear give the Court pause. Disher's prior failures to appear suggest that his risk of non-appearance in this case is great. The Court is concerned that his incentive to absent himself from the Court's jurisdiction is enhanced based upon the significant punishment he faces if convicted.

Disher attempts to suggest that these failures to appear are insignificant because they related

to minor offenses.  These prior failures, however, are indicative of Disher's inability to comply with court orders.  Moreover, the Court does not believe it can reasonably infer, as Disher suggests, that Disher is more likely to appear in this case because he faces more exacting charges and would therefore take his duty to appear more seriously.  The Court believes it could just as readily make the opposite inference that, because the charges Disher faces are so serious, and the potential punishment so great, he might face a greater temptation to flee.

Overall, therefore, the Court sees the previous failures to appear as a serious matter.  The failures to appear suggest that Disher is a flight risk.  Given these aspects of Disher's history, the Court therefore believes this factor weighs against releasing Disher.

### D.    THE NATURE AND SERIOUSNESS OF DANGER TO ANY PERSON OR THE COMMUNITY POSED BY DISHER'S RELEASE.

Disher is a danger to the community.  The amount of methamphetamine that Disher and the other members of the conspiracy allegedly distributed is indicative of the high-level, sophisticated, drug dealer that gave rise to the Congressional finding that defendants charged with serious drug crimes are presumed to be both dangerous and flight risks.  Items recovered from Disher's home on the day of his arrest further underscores his danger to the community.  Disher's arsenal of weapons in combination with the large amount of currency demonstrates his significant danger to the community and his risk of flight.  Disher's service to the country notwithstanding, the presence of such a large cache of weapons is a threat to the community.  Furthermore, if Disher decided to flee, law enforcement seeking to apprehend him could be in significant danger.

Disher argues that the information which the United States presented to the Magistrate Judges about the presence of drugs in Disher's home was wrong.  Disher states that, although he has not yet received laboratory reports regarding items the United States seized, apparently the only drug

that the United States found was a relatively small amount of mushrooms.

Disher maintains that he legally possessed all of the firearms and related materials. Disher states that, whenever anyone purchases a firearm from an individual as Disher did, no purchaser can determine whether the firearm may have been stolen at some previous time. Disher contends that, as a firearm continues to change hands, information about its possible prior theft becomes lost. Disher also contends that he has only an insignificant criminal history.

The Court does not completely discount Disher's representations regarding his history and characteristics. Disher has, indeed, provided some evidence of stability, and of a willingness to appear and to refrain from harming the public. Even so, primarily because of the failures to appear and the crime charged, the Court believes the United States has made a sufficient showing that Disher is a flight risk and a danger to the community. The Court will therefore decline to modify or set aside the order of detention.

**IT IS ORDERED** that the Motion for Revocation or Amendment of Detention Order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Joel R. Meyers
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

David A. Streubel
Streubel Kockersberger & Mortimer LLC
Albuquerque, New Mexico

*Attorneys for the Defendant*

-11-