# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Brian Disher** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:08CR02936-004JB**<br>USM Number: **48125-051**<br>Defense Attorney: **David Streubel, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 12/16/2008 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 25, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**May 17, 2011**
Date Signed

Defendant: **Brian Disher**
Case Number: **1:08CR02936-004JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **57 months**.

**The Court has, as the record will reflect, carefully reviewed the Presentence Investigation Report ("PSR") and its factual findings. There not being any objections to the PSR''s factual findings, the Court will adopt those as its own. The Court has also considered the PSR`s sentencing guideline applications. Defendant Brian Disher`s objection to the PSR`s conclusion that a role adjustment is not warranted having been withdrawn, the Court will adopt the PSR`s sentencing guideline applications as its own. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). The Court notes Disher was a member of a drug-trafficking organization, and trafficked between 500 and 1,250 grams of methamphetamine between October 2008 and December 2008. Disher`s offense level is 31 and his criminal history category is I, establishing a guideline sentencing range of 108 to 135 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a sentence of 57 months, as the Court is satisfied the agreed-upon sentence departs for justifiable reasons. There was circumstantial proof with respect to some of the drug amounts charged in this case, but the charged amount basically came down to an interpretation based on statements in conversations intercepted through wire taps. At trial, the defense`s interpretation likely would have differed from Plaintiff United States of America`s interpretation. For purposes of disposition, there was somewhat of a range in what the United States estimated were the amounts discussed in the interpreted communications. Given that there was no definitive nature to those conversations, counsel for the United States took an amount which, under the guidelines, would have given a base offense level of 30. From there, counsel for the United States calculated that, with 3 levels for acceptance of responsibility, Disher`s offense level would have been approximately 27. Given Disher`s late joining in the conspiracy, which is undisputed by both parties, the United States felt that a 2-level role adjustment would be appropriate. With a 2-level reduction, Disher`s offense level would be approximately 25. An offense level of 25 and a criminal history category of I would set forth a guideline range of 57 to 71 months. Moreover, shortly after Disher`s arrest, there was an investigation into a matter unrelated to this. Disher`s girlfriend met with representatives from various agencies and provided information. Counsel for the United States represented that he did not believe that the information ever produced any tangible results and that he believed that the unrelated matter was still unsolved, but represented that the United States felt it was appropriate to convey some reward to Disher based upon that cooperation. The United States believed that it would have been worth about 2 levels, keeping Disher`s offense level at 25. The parties were also facing mountainous litigation going forward. At the time of the sentencing hearing, there was still a pending motion for additional discovery related to wiretaps. There was going to be a substantive motion to dismiss or to suppress the information that resulted from the wiretaps in this case.**

**The Court has carefully considered the guidelines, but in arriving atthe sentence, the Court has taken into account not only the guidelines but other sentencing goals. The Court has also considered the arguments and representations of counsel in the sentencing hearing. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully reviewing the factual portions of the PSR and considering Disher`s involvement in the organization, while the Court is not convinced that Disher is a minor or minimal participant in the organization, the Court recognizes that Disher is one of the least culpable participants in the organization. Disher may not be substantially less culpable than other participants, but the Court believes that he had less involvement than other participants. The Court thus does not believe that the punishment that is set forth in the guidelines is appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges that the guidelines establish and the Court agrees with counsel that a sentence of 57 months is long enough to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Because of some of the things that the Court will require as part of conditions of supervised release, the Court believes that the sentence will provide Disher with some of the needed education, training, and care to overcome some of the problems that he has. The Court believes that the sentence of 57 months and the mandatory minimum on supervised release fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that a 57-month sentence is a more reasonable sentence than the guideline range. This sentence is sufficient without being greater than necessary to comply with the purposes of punishment that the Sentencing Reform Act sets forth.**

☒        The court makes the following recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Brian Disher**
Case Number: **1:08CR02936-004JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐   The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Brian Disher**
Case Number: **1:08CR02936-004JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances, firearms or weapons, U.S. currency or any other violation of supervision at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant shall have no contact with the co-defendants in this case.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing and outpatient counseling. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

Defendant: **Brian Disher**
Case Number: **1:08CR02936-004JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.